UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOPI TRIBE, *et al.*, | |
| Plaintiffs, | Case No. 17-cv-2590 (TSC) |
| v. | |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |
| UTAH DINÉ BIKÉYAH, *et al.*, | |
| Plaintiffs, | Case No. 17-cv-2605 (TSC) |
| v. | |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*, | |
| Plaintiffs, | Case No. 17-cv-2606 (TSC) |
| v. | |
| DONALD J. TRUMP, *et al.*, | **CONSOLIDATED CASES** |
| Defendants. | |

**ORDER REGARDING CONSOLIDATION**

Pursuant to Fed. R. Civ. P. 42(a), the Court grants the Defendants' unopposed motion to consolidate the above-captioned cases for administrative purposes, with each case retaining its separate character. *See Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) ("Consolidation . . .

2

does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." (citation omitted)). Consolidation is appropriate because the cases involve common questions of law and fact, and adjudicating them together serves the interests of judicial economy.

Consolidation does not affect the rights of Plaintiffs in each of the cases to retain separate counsel, file separate motions and briefs, present oral argument separately, file separate appeals, and independently make other litigation decisions. The Plaintiffs may find, however, their pages or argument time limited and the Court will decide that on a case-by-case basis. The Defendants may respond to Plaintiffs' motions in a single, consolidated brief, if desired.

Plaintiffs shall confer with one another before filing any new substantive motion; shall endeavor to agree upon, and propose to the Court, a coordinated schedule for such motions; and shall eliminate unnecessary repetition by incorporating one another's filings by reference where possible. The Court will treat incorporation by reference as though the argument is fully set forth in the referring brief. Parties shall comply with their obligations under Local Civil Rule 7(m) and indicate on the caption page whether such motion is opposed.

**While each case shall retain independent case numbers, all future filings in these consolidated cases shall be filed only in *Hopi Tribe v. Trump*, No. 17-cv-2590, as the first-filed case. Compliance with this directive requires that you select "No" when asked "Do you want to spread this docket entry?"**

The parties shall identify all three cases in the captions of all future filings, as shown above. Where any party files a document on behalf of, or in response to, only one set of Plaintiffs, the party shall:

1) so indicate in the **heading** of the document (referring to "Tribal Plaintiffs," "UDB

Plaintiffs," or "NRDC Plaintiffs," as appropriate); and

2) so indicate in the ECF entry (i.e., "This filing relates solely to Tribal Plaintiffs" or "This response relates solely to the UDB Plaintiffs").[1]

The Court will hold in abeyance the Motion to Intervene by Brandon Sulser *et al.*, filed on January 11, 2018, in Civil Action No. 17-cv-2605 (ECF No. 17), until after it has resolved the Defendants' motions to transfer.

Should the court deny the motions to transfer, the Court will direct the Plaintiffs to confer with the Defendants on a proposed schedule for briefing substantive motions. The parties shall not propose a schedule that contains submission of simultaneous dispositive cross-motions.

Date: February 15, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] For examples, refer to the docket entries for ECF Nos. 238, 255 in 15-mc-989-TSC.